## W. L. RANKIN v. A. C. EASTIN ET AL.

[Kentucky Law Reporter, Vol. 2—427.]

**Judicial Sale of Real Estate.**

> Where on an appeal from a judgment decreeing the sale of real estate the judgment is reversed, but, there being no supersedeas, the land was sold by the commissioner in conformity to the decree, before such reversal, the report of sale confirmed and conveyance made without any exceptions being made, the purchaser takes a good title.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

May 7, 1881.

OPINION BY JUDGE HINES:

On a former appeal in this case there were in the record two judgments, one declaring the conveyance to L. M. Eastin fraudu-

lent and void, and the other adjudging in favor of the mortgage lien of White, and directing a sale of the property and the payment of appellant's debt. Pending that appeal, there being no supersedeas, the land was sold by the commissioner, in conformity to decree, to appellant, report of sale confirmed, and conveyance made in accordance therewith.

On the first appeal this court reversed the case, declared that the sale to L. M. Eastin was not fraudulent, and directed a sale of the land to pay first the debt of White, then to pay L. M. Eastin, and afterwards to pay appellant's claim. On the return of the cause, appellees moved the court for judgment in accordance with the mandate which they claimed demanded a resale of the land. To this motion appellant objected, and filed a response and amended petition setting up the fact that, under the former decree of sale, appellant had become the purchaser of the land, and that the sale had been confirmed without exceptions, and conveyance made to him. Notwithstanding the objection, the court below decreed a resale of the land and a distribution of the proceeds, as intimated in the opinion of this court on the former appeal. From that judgment this appeal is taken.

There is some discussion by counsel in their briefs as to whether the appeal in the first case was from the judgment declaring the conveyance from Eastin void, or from the judgment decreeing a sale. So far as appellant is concerned we think this is immaterial. If the appeal was from the judgment decreeing the sale, and the object of the mandate was to have a resale, the reversal could not affect the title of the purchaser, notwithstanding the fact that the purchaser was a party to the action. He will be protected as fully in his purchase as a stranger to the record, and so long as the order confirming the sale remains unreversed the purchaser under the decree can not be interfered with.

It is manifest that if all these facts as to the sale and report of commissioner, and confirmation of sale, had appeared in the first record, and there had been no appeal from the order confirming the sale, the reversal of the judgment directing the sale would not have interfered with the rights of the purchaser; and that these facts existed but did not appear can not alter the case. *H. O. Earl v. J. C. Porter*, Mss. Opin., March 2, 1881. The case of *Miller v. Hall*, 1 Bush (Ky.) 229, is practically overruled in *Yocum v. Foreman*, 14 Bush (Ky.) 494.

The mandate of this court on the first appeal must regulate the distribution of the proceeds of sale, but can not interfere with the purchase by appellant. Judgment *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Montgomery Merritt, for appellant.*

*Vance. & Merritt, William Lindsay, for appellees.*